# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38135-2010

| | | |
|---|---|---|
| **DIANA JAMES,** | ) | |
| | ) | **Coeur d'Alene, April 2012 Term** |
| **Plaintiff-Appellant,** | ) | |
| | ) | **2012 Opinion No. 66** |
| v. | ) | |
| | ) | **Filed: April 26, 2012** |
| **CORNELIUS MERCEA and PATRICIA** | ) | |
| **MERCEA, husband and wife,** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **Defendants-Respondents,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JOE A. LAMPHIEAR and SUSAN M.** | ) | |
| **LAMPHIEAR, husband and wife; FIRST** | ) | |
| **AMERICAN TITLE INSURANCE CO.; and** | ) | |
| **FIRST AMERCIAN TITLE COMPANY,** | ) | |
| **INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. The Hon. John P. Luster, District Judge.

The judgment of the district court is <u>affirmed</u>.

John P. Whelan, Coeur d'Alene, argued for appellant.

Edward J. Anson, Coeur d'Alene, argued for respondents.

---

EISMANN, Justice.

This is an appeal from a summary judgment holding that the sellers of residential real property did not violate the Idaho Property Condition Disclosure Act or commit fraud by failing to disclose to the purchaser that the public road alongside the real property was not a private driveway on the property. We affirm the judgment of the district court and award respondents attorney fees on appeal pursuant to the parties' contract.

# I.

## Factual Background.

The property at issue is a five-sided parcel that is roughly the shape of a rectangle situated on a southwest-northeast axis with the eastern corner cut off. North of the property is a paved, east-west road that curves to the northwest at a point that is north of the northern corner of the property. The paved road has curbing along it, and the right-of-way for the road extends beyond the curbing to the northeast property line of the parcel. That portion of the right-of-way is covered with grass and has some small trees, and the adjoining portions of the unpaved right-of-way are covered with brush and mature trees. Adjoining the property along its eastern side (the side where it would appear as if the corner of the rectangle was cut off) was a short, north-south public right-of-way that provided access from the paved road to a lot adjoining the property to the south. Another parcel was located along the east side of that short right-of-way.

In 2004, Joe and Susan Lamphiear purchased the property at issue and constructed a house upon it. They were required by the city to pave the portion of the short public right-of-way that provided access to where their garage was built on the property. The pavement they installed went from the paved roadway across the unpaved portion of that road's right-of-way and onto the public right-of-way on the east side of their property to about where their garage was located. The pavement then curved onto their property and extended to their garage.

In April of 2006, Cornelius and Patricia Mercea purchased the property from the Lamphiears. The following year, they moved to Arizona and listed the property for sale.

In March 2007, Diana James purchased the property from the Merceas. Prior to the purchase, she did not have any conversations with the Merceas, nor did they make any representations regarding the property except those contained in the property disclosure form required by the Idaho Property Condition Disclosure Act. James obtained title insurance from First American Title Insurance Company, and First American Title Company, Inc., was the closing agent.

On February 6, 2009, James filed this action against the Merceas, the Lamphiears, and First American Title Insurance Company. She later filed an amended complaint to add First American Title Company, Inc., as a defendant. James alleged that when she purchased the property, she believed that the pavement going from the paved street to her garage was entirely

2

her private driveway and that she did not know that most of that pavement was on a public right-of-way. She also alleged that she believed a portion of an adjoining lot was also part of the property she purchased.

James alleged various claims against the Merceas. The only ones relevant to this appeal are her assertion that by failing to disclose that the pavement from the street to her garage was largely located upon a public right-of-way, the Merceas violated the Idaho Property Condition Disclosure Act and committed fraud. The Merceas filed a motion for summary judgment, which the district court initially denied. They then filed a motion for reconsideration, which the court granted. It entered a judgment dismissing all of the claims against them and certified that partial judgment as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure. James timely appealed, and only James and the Merceas are parties to this appeal.

## II.

### Did the District Court Err in Denying James's Motion
### To Strike Portions of the Merceas' Answer?

On May 5, 2010, the Merceas filed an answer to James's amended complaint. They attached to their answer various photographs of the property and included their assertions of what those photographs showed. The Merceas' motion for reconsideration was heard on May 25, 2010, as was a motion by James to strike portions of the Merceas' answer. The motion to strike is not in the record, although in denying the motion the district court stated that it had been made pursuant to Idaho Rule of Civil Procedure 12(f). The record does not reflect what the motion asked to be stricken. However, during argument on the motion James's counsel stated, "I'm asking the Court to strike the reference to the photographs and counsel's commentary as to what the facts are in this matter." The reasons given were that the photographs and the commentary about the photographs in the answer made the Merceas' counsel a material witness and that an answer is not supposed to argue facts. Rule 12(f) provides that the court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] James has not pointed to any matter in the answer that was redundant,

___

[1] That rule provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within twenty (20) days after

immaterial, impertinent, or scandalous, and therefore the district court did not abuse its discretion in denying the motion.

## III.

## Did the District Court Err in Considering the Joint Affidavit of Cornelius and Patricia Mercea and the Affidavit of the Merceas' Counsel?

On December 11, 2009, the Merceas filed their joint affidavit in support of their motion for summary judgment. On the same date, they also filed the affidavit of their counsel in support of the motion. On appeal, James argues that "[m]any of the conclusionary statement [sic] by the Merceas in their joint affidavit seemingly do not pass evidentiary muster," including four statements quoted in James's opening brief. James also argues that the Merceas' counsel was not a competent witness because "Rule 3.7 of the Rules of Professional Conduct seemingly prohibits the very testimony offered by Mr. Anson in his affidavit."

Rule 56(e) of the Idaho Rules of Civil Procedure provides insofar as is relevant, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the  matters stated therein." However, James did not object to either of these affidavits in the district court. The rule with respect to the admissibility of affidavits on a motion for summary judgment when there is no objection is as follows:

> A trial court has the discretion to decide whether an affidavit offered in support of or opposition to a motion for summary judgment is admissible under Rule 56(e), even if that issue is not raised by one of the parties. However, we have not required the trial court to rule on the admissibility of the affidavit when there is no objection to it. If there is no timely objection, the trial court can grant summary judgment based upon an affidavit that does not comply with Rule 56(e).

*Esser Elec. v. Lost River Ballistics Techs.*, *Inc.*, 145 Idaho 912, 917, 188 P.3d 854, 859 (2008) (citation omitted). Because James did not object to the admissibility of either affidavit, the

---

the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

district court did not err in considering them in connection with the Merceas' motion for summary judgment.

## IV.

### Did the District Court Err in Granting Summary Judgment Dismissing the Claim that the Merceas Violated the Idaho Property Condition Disclosure Act?

Summary judgment is appropriate only if the evidence in the record and any admissions show that there is no genuine issue of any material fact regarding the issues raised in the pleadings and that the moving party is entitled to judgment as a matter of law. *Infanger v. City of Salmon*, 137 Idaho 45, 47, 44 P.3d 1100, 1102 (2002). If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id.*

The Idaho Property Condition Disclosure Act, I.C. §§ 55-2501 to 55-2158, requires that certain factual disclosures be made by the seller of residential real property. I.C. §§ 55-2504 & 55-2508. The form signed by the Merceas in this case included the following: "ADDITIONAL REMARKS AND/OR EXPLANATIONS SECTION: Please list any other existing problems that you know of concerning the property including legal, physical, product defects or others that are not already listed. (Use additional pages if necessary.)" The Merceas did not enter anything in the space provided. James contends, "If the public right of way in the instant action had to be categorized in a classification as a 'defect' under the disclosure act, the *defect* in the home would be the lack of a private access to the street."

The disclosure form only required the Merceas to list any other existing *problems* that they knew of concerning the property. The fact that the pavement running along the east side of the property was a public right-of-way rather than a private driveway could not reasonably be considered a problem concerning the property. The public right-of-way was adjacent to the property, not on it. It did not in any way burden the property or affect its title. There is no contention that the property did not have adequate access to the street. The right-of-way provided adequate access to the public street, and there is no contention that the property owner's right to use such access was in dispute. The district court did not err in granting summary judgment dismissing the claim that the Merceas violated the Idaho Property Condition Disclosure Act.

5

# V.

## Did the District Court Err in Granting Summary Judgment Dismissing the Claim that the Merceas Committed Fraud?

James contends that the Merceas committed fraud by failing to inform her that the pavement extending from the street to the garage was located primarily upon a public right-of-way. She contends that she would not have purchased the house had she known that fact.

"Fraud may be established by silence where the defendant had a duty to speak." *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 521, 808 P.2d 851, 858 (1991). A duty to disclose exists in the following circumstances:

> (1) if there is a fiduciary or other similar relation of trust and confidence between the two parties; (2) in order to prevent a partial statement of the facts from being misleading; or (3) if a fact known by one party and not the other is so vital that if the mistake were mutual the contract would be voidable, and the party knowing the fact also knows that the other does not know it.

*Sowards v. Rathbun*, 134 Idaho 702, 707, 8 P.3d 1245, 1250 (2000). In their motion for reconsideration, the Merceas contended that there was no evidence that would create a duty on their part to disclose that the pavement was on a public right-of-way.

There was no evidence of a fiduciary or other similar relation of trust and confidence between James and the Merceas. A vendor-vendee relationship does not, by itself, create a fiduciary or other similar relation of trust and confidence. As the district court held: "There was no fiduciary duty or other relationship of trust between James and Mercea. This was a simple arms length transaction."

There was likewise no evidence that the Merceas made a partial statement of facts that could be misleading if not corrected. As the district court stated, "There are no statements that were made regarding the nature of the disputed driveway."

With respect to the third category of circumstances where a duty to disclose exists, the court assumed "that an inference can be drawn that Merceas were aware of the location of the right of way and the material impact that it had on their property." Thus, the controlling issue as identified by the court was "whether they were aware that James was ignorant of this fact."

James had the burden of presenting sufficient evidence to create a genuine issue of material fact as to each element that she was required to prove in order to establish her claim of

6

fraud. *Country Cove Dev., Inc. v. May*, 143 Idaho 595, 600, 150 P.3d 288, 293 (2006). The district court held that James had failed to present evidence showing that the Merceas knew that James incorrectly believed that the pavement was her private driveway. The court wrote:

> The evidence is not present to support such a conclusion, even applying the favorable inferences to James. It is undisputed that the contract between the parties included an accurate legal description of the boundaries of the property. A plat map was included that clearly shows the presence of the public right of way. A visual inspection of the property reveals the roadway and the access to the adjacent lot.[2] The evidence before the court reveals that Merceas sold their property with an understanding that the buyer, James had knowledge of the public right of way. There is no legal duty present in this case imposed upon the Merceas to disclose information to James to dispel an assumption expressly contrary to the information provided and available.

On appeal, James does not challenge the district court's characterization of what the undisputed evidence shows. Instead, she argues that we should change the law regarding the duty to disclose. She asserts, "James would argue that this element is satisfied if the nondisclosing party *knew or had reason to know* that the other party lacks knowledge of a condition or defect." In making that argument, she relies upon our decision in *Watts v. Krebs*, 131 Idaho 616, 962 P.2d 387 (1998).

> In *Watts*, we held that a representation could be material if:
>
> (a) a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question; or
>
> (b) the maker of the representation knows or has reason to know that its recipient regards or is likely to regard the matter as important in determining his choice of action, although a reasonable man would not so regard it.

*Id*. at 620, 962 P.2d at 391. The issue in *Watts* was whether a nondisclosed fact was material, not whether the defendant knew that the plaintiff was unaware of that fact. Those are two separate issues. Adopting James's proposed change in the elements of fraud by nondisclosure would transform it into a negligence cause of action. We decline to do so. The district court did not err in granting summary judgment on James's fraud claim.

---

[2] A driveway to an adjoining lot connects to that portion of the pavement extending from the public street to the corner of James's lot. In addition, the lot directly across the pavement from the garage on James's lot has a chain link fence with a double gate that, when opened, would be wide enough to drive a car through.

# VI.

## Is Either Party Entitled to an Award of Attorney Fees on Appeal?

In her initial brief, James stated that she "seeks attorney fees on appeal in accordance with Idaho Code § 12-120 and the contract between the parties (at CR pg. 74; 81-87)." She does not identify the subsection of section 12-120 upon which she relies. "Because Idaho Code § 12-120 has differing subsections, merely citing the statute without specifying the portion of the statute upon which the claim for attorney fees is based is not sufficient." *MBNA America Bank, N.A. v. McGoldrick*, 148 Idaho 56, 60, 218 P.3d 785, 789 (2008). Likewise, it is insufficient to merely refer the Court to a contract without specifying the portion of the contract upon which she relies.

The Merceas request an award of attorney fees on appeal pursuant to paragraph 25 of the real estate contract, which provides, "ATTORNEY'S FEES: If either party initiates or defends any arbitration or legal action or proceedings which are in any way connected with this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party reasonable costs and attorney's fees, including such costs and fees on appeal." Because the claims made on appeal are connected with the contract and the Merceas are the prevailing parties on appeal, they are entitled to an award of attorney fees under the contract.

# VII.

## Conclusion.

We affirm the judgment of the district court and we award costs, including attorney fees, to the respondents.

Chief Justice BURDICK, Justices J. JONES, W. JONES, and HORTON **CONCUR.**