**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BANK OF AMERICA, N.A.,

      Plaintiff-counter-
      defendant-Appellee,

v.

NANCY K. ENRIGHT; LEE P.
ENRIGHT,

      Defendants-counter-
      claimants-Appellants,

MERRILL LYNCH PIERCE FENNER &
SMITH, INC., successor by merger to
Bank of America Investment Services,
Inc.,

      Counter-defendant-Appellee.

No. 14-35428

D.C. No. 1:11-cv-00656-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted October 4, 2016
Seattle, Washington

Before: W. FLETCHER, GOULD, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs Nancy and Lee Enright appeal from the district court's order granting a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) by defendants Bank of America, N.A. (Bank of America) and Merrill Lynch Pierce Fenner & Smith, Inc. (Merrill Lynch). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The present litigation began when Bank of America filed a complaint seeking a deficiency judgment against the Enrights in Idaho state court in November 2011. The Enrights removed the case to federal court. After obtaining leave to amend, they filed an amended counterclaim against Bank of America and a claim adding Merrill Lynch, a defendant as a successor-by-merger to Banc of America Investment Services, Inc. Bank of America and Merrill Lynch filed a joint motion to dismiss for failure to state a claim, which the district court granted with prejudice. The parties later stipulated to an entry of judgment in favor of Bank of America on the deficiency claim. The Enrights appealed, challenging the district court's dismissal with prejudice.

We review a district court's grant of a motion to dismiss *de novo*. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Enrights allege six causes of action against Bank of America and Merrill Lynch: breach of fiduciary duty; constructive fraud; fraud by failure to disclose; intentional misrepresentation; negligence; and breach of implied covenant of good faith and fair dealing.

1. *Fiduciary duty.* Under Idaho law, a party claiming a breach of fiduciary duty must show the defendant was "in a superior position to the other and that such a position enables him to exercise influence over one who reposes special trust and confidence in him," and the "facts and circumstances must indicate that the one reposing the trust has foundation for his belief that the one giving advice or presenting arguments is acting not in his own behalf, but in the interests of the other party." *High Valley Concrete, L.L.C. v. Sargent*, 234 P.3d 747, 752 (Idaho 2010) (internal quotations omitted). The Enrights failed to plead facts to support their conclusory allegation that Robert Corker, an employee of Bank of America and/or Banc of America Investment Services, was acting as their financial advisor. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("labels and conclusions," standing alone, are insufficient to state a claim). The only relationship between the parties established by the facts as pleaded was that between a lender and a borrower. A lender-borrower relationship, however, does

3

not give rise to fiduciary duties under Idaho law. *See Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 804 P.2d 900, 905 (Idaho 1991).

2. *Constructive fraud.* "[C]onstructive fraud comprises all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence, which result in damage to another." *Doe v. Boy Scouts of America*, 356 P.3d 1049, 1054-55 (Idaho 2015) (citing *McGhee v. McGhee*, 353 P.2d 760, 762 (Idaho 1960)). Relationships recognized by Idaho law as giving rise to a constructive fraud claim include those between a lawyer and client, *High Valley*, 234 P.3d at 754, fiancees, *McGhee*, 353 P.2d at 762, and tenants-in-common, *Watts v. Krebs*, 962 P.2d 387, 391-92 (Idaho 1998). The Enrights have failed to plead facts sufficient to establish such a "relationship of trust and confidence" between themselves and Corker as an agent of Bank of America and/or Banc of America Investment Services. *See High Valley*, 234 P.3d at 752.

3. *Fraud by failure to disclose.* The Enrights allege Bank of America and Banc of America Investment Services committed fraud by failing to disclose: the relationship between Corker, their alleged investment advisor, and Bank of America; the relationship between Banc of America Investment Services, Corker's employer, and Bank of America; the compensation Corker received for procuring the Enrights' business; and the riskiness of the loan. "A duty to disclose exists in the following circumstances: '(1) if there is a fiduciary or other similar relation of

4

trust and confidence between the two parties; (2) in order to prevent a partial statement of the facts from being misleading; or (3) if a fact known by one party and not the other is so vital that if the mistake were mutual the contract would be voidable, and the party knowing the fact also knows that the other does not know it.' " *James v. Mercea*, 277 P.3d 361, 365-66 (Idaho 2012) (quoting *Sowards v. Rathbun*, 8 P.3d 1245, 1250 (Idaho 2000)). None of these circumstances are present: no relationship of trust and confidence existed between the Enrights and Corker; no partial statement would have misled the Enrights as to Corker's employer or compensation structure; and the Enrights have failed to allege that Bank of America or Merrill Lynch knew, and knew the Enrights did not know, a fact "so substantial and fundamental" to the loan agreements as to defeat their purpose. *See Primary Health Network, Inc. v. State, Dep't of Admin.*, 52 P.3d 307, 312 (Idaho 2002).

4. *Intentional Misrepresentation.* The Enrights allege that three statements made by Corker, as an employee of Bank of America and/or Banc of America Investment Services, were fraudulent: (1) a statement that the Enrights "qualified" for two mortgages and a line of credit; (2) a statement that the Enrights could repay their loans through the sale of their property in Idaho, which would occur within two years; and (3) a threat to foreclose on the property in Idaho if the Enrights did not make interest-only payments on the loan with their IRA funds. "In order to

prevail on a fraud claim [under Idaho law], a plaintiff must show: (1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury." *King v. Lang*, 42 P.3d 698, 703-04 (Idaho 2002). The Enrights failed to show the statements meet the first two criteria. The first statement was not false. The Enrights did qualify for the loans because they actually entered into those loans, a fact the counter-complaint concedes. The other two statements are opinions or predictions as to future events, which "cannot form the basis of a fraud claim." *Country Cove Dev., Inc. v. May*, 150 P.3d 288, 294 (Idaho 2006).

    5. *Negligence*. The Enrights allege that Bank of America and Banc of America Investment Services were negligent in issuing loans to them in light of their financial situation, and in advising them to use IRA funds to make payments on the two mortgages after their line of credit was exhausted. The injuries alleged by the Enrights are solely economic. Under Idaho law, an action in negligence will not lie for purely financial injuries unless the plaintiff and defendant have a "special relationship" under Idaho law. *Duffin v. Idaho Crop Imp. Ass'n*, 895 P.2d 1195, 1200-01 (Idaho 1995). A "special relationship" arises where a "professional or quasi-professional performs personal services" or where "an entity holds itself out

6

to the public as having expertise regarding a specialized function." *Blahd v. Richard B. Smith, Inc.*, 108 P.3d 996, 1001 (Idaho 2005). No Idaho cases support the Enrights' claim that they had a "special relationship" with Bank of America or Banc of America Investment Services on the facts as pleaded in the countercomplaint. *Cf. Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.*, 804 P.2d 900 (Idaho 1991) (no "special relationship" exists between a commercial borrower and lender). The Enrights are therefore barred by the economic loss rule from stating a claim for negligence.

6. Finally, the Enrights claim that Bank of America breached its implied covenant of good faith and fair dealing. "Good faith and fair dealing are implied obligations of every contract," *Luzar v. Western Surety*, 692 P.2d 337, 340 (Idaho 1984), but these duties "arise[] only in connection with terms agreed to by the parties," *Idaho First Nat'l Bank v. Bliss Valley Foods*, 824 P.2d 841, 863 (Idaho 1991) (quoting *Badgett v. Security State Bank*, 807 P.2d 356, 360 (Wash. 1991)). The Enrights do not identify any terms of their loan agreements with Bank of America that were breached. The district court was therefore correct to dismiss this claim.

Because the Enrights failed to plead facts sufficient to support their claims for relief, the district court did not err in dismissing with prejudice.

    **AFFIRMED.**