# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 50261

AARON SEVERINSEN,               )
               )

  Plaintiff-Appellant,         )
               )     **Boise, April 2024 Term**

v.                   )
               )     **Opinion Filed: November 8, 2024**

THOMAS AND MICHELLE     )
TUELLER, SEARLE PROPERTIES,  )     **Melanie Gagnepain, Clerk**
LLC, STONELY FARM, LLC, JOHN  )
and JANE DOES 1-50,       )
               )

  Defendants-Respondents.     )
               )

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Darren B. Simpson, District Judge.

The district court judgment is <u>affirmed</u>.

Olsen Taggart PLLC, attorneys for Appellant. Steven L. Taggart argued.

Banks Gaffney, PLLC, attorney for Respondent. Jeffery W. Banks argued.

---

BEVAN, Chief Justice.

This appeal concerns the purchase and sale of real property and what property sellers are required to disclose under the Idaho Property Condition Disclosure Act (the "Property Disclosure Act").[1] Aaron Severinsen appeals from the district court's order granting Thomas and Michelle Tuellers' motion for partial summary judgment and denying Severinsen's motion to amend the complaint. Severinsen asserts that the Tuellers fraudulently induced his purchase of real property by making misrepresentations on the property disclosure form and property listing. For the reasons set forth below, the district court's judgment is affirmed.

---

[1] Throughout his brief, Severinsen refers to the Property Disclosure Act as the "Idaho Residential Condition Disclosure Act," or the "IRCDA." An Act by that name does not exist, and Severinsen's complaint specifically asserts a claim under the Property Disclosure Act.

1

**A.    Factual Background**

In 1999, Thomas and Michelle Tueller purchased real property in Shelley, Idaho. Twenty years later, the Tuellers received a notice, dated August 16, 2019, that there would be a public meeting to address a request made by Searle Properties to change the zoning for property located south of the Tuellers' property. The notice also informed residents that Searle Properties intended to build a subdivision and included a plat map for that proposed subdivision titled "Preliminary Plat for Crystal Lake Estates No. 1." Both the Tuellers' property and the proposed subdivision fell within the City of Shelley's impact area. The Tuellers did not attend this initial meeting, but they did attend a later hearing regarding the requested zone change on October 15, 2019. At the October hearing, the Bingham County Commissioners granted Searle Properties' request and changed the zoning for its property from agricultural/residential to residential.

The Bingham County Commissioners held another meeting on May 11, 2020, to review the Bingham County Planning & Zoning Commission's recommendation to approve a preliminary plat for the Crystal Lake Estates subdivision. The Tuellers attended this meeting to voice their concerns about the proposed residential development. The Bingham County Commissioners later approved the preliminary plat for the proposed subdivision.

The following month, the Tuellers listed their property for sale, and the listing appeared on the Multiple Listing Service ("MLS") with descriptions including: "2 acre horse property," "mountain views," "valley views." The MLS listing described the property as an "extraordinary oasis." The Tuellers filled out a RE-25 Seller's Property Disclosure Condition Form ("Disclosure Form"), and answered questions about the condition of the Property, including:

A. Has the property been surveyed since you owned it? "Yes."

B. Are there any conditions that may affect your ability to clear title such as encroachments, easements, zoning violations, lot line disputes, restrictive covenants, etc.? "No."

C. Have you received any notices by any governmental or quasi-governmental entity affecting this property i.e. Local improvement district (LID) or zoning changes, etc.? "No."

D. Are you aware of any other existing problems concerning the property including legal, physical, product defects or other items that are not already listed? "No."

Severinsen, interested in making an offer on the Tuellers' property, walked around the property, but neither he nor his real estate agent spoke with any neighbors, checked for documents

on file with Bingham County, or otherwise performed any independent research on the property or conditions affecting the property. Instead, Severinsen relied solely on the Disclosure Form from the Tuellers. In addition, while Severinsen communicated his interest in purchasing farmland surrounding the Tuellers' property to his real estate agent, nothing in the record suggests that either Severinsen or his real estate agent communicated that interest to the Tuellers or their agent, nor does it appear that Severinsen investigated whether purchasing any surrounding property would be possible.

On August 8, 2020, Severinsen made an offer on the property. On making that initial offer, however, Severinsen learned that the Tuellers had received another offer, so Severinsen agreed to put up a non-refundable $20,000.00 payment to prevent the Tuellers from accepting the other bid. From Severinsen's perspective, he needed to complete the purchase of the property quickly, though he admitted that this came at the expense of a more thorough investigation. A few days later, Severinsen and the Tuellers executed a RE-21 Real Estate Purchase and Sale Agreement. On September 8, 2020, the parties closed, and Severinsen purchased the property for $625,000.[2]

Several months after the purchase, Severinsen attended a Bingham County Planning and Zoning meeting. At that meeting, Severinsen learned that the Crystal Lake Estates subdivision had been approved and that the Shelley city limits were changed. After, Severinsen called his agent to ask about the change in the city's boundaries, raising a concern that the Crystal Lake Estates subdivision would obscure his view and that future neighbors in the subdivision could complain if Severinsen were to have livestock on the property. Even so, by February 9, 2022, the property appreciated in value to approximately $900,000.

B.      Procedural History

Severinsen sued the Tuellers on April 5, 2021, alleging three counts. First, that the Tuellers failed to comply with the Property Condition Disclosure Act (as codified in Idaho Code sections 55-2501–55-2518) by inaccurately answering questions on the Disclosure Form. Second, the Tuellers made fraudulent statements on the MLS listing regarding boundary issues with the subject property. Third, Severinsen sought a declaratory judgment to enforce a boundary by agreement claim against Searle Properties, LLC, and Stonely Farm, LLC. Though Severinsen initially sought

---

[2] The Tuellers quitclaimed the property to both Aaron Severinsen and his brother, Gary Severinsen. Gary later quitclaimed his interest in the property to Aaron.

3

rescission, damages, and to quiet title as to the boundary of the property, he later withdrew his request for rescission and voluntarily dismissed the claims against the two LLCs. Thus, those issues bear no relevance to the issues on appeal. The Tuellers filed an answer in May 2021.

In February 2022, the Tuellers moved for partial summary judgment on Severinsen's fraud by misrepresentation claim. Severinsen moved for leave to amend his complaint on March 4, 2022. A hearing on the Tuellers' motion for partial summary judgment was held on March 7, 2022, but Severinsen's motion to amend was not heard until April 4, 2022. The district court granted the Tuellers' motion for partial summary judgment and denied Severinsen's motion to amend the complaint.

Soon after, Severinsen moved for reconsideration, arguing that the district court's decision was incorrect because the decision did not: (1) consider the complete scope of issues that affect the property, including "use and enjoyment," (2) correctly apply elements of fraud by omission in real estate transactions; and (3) employ the proper standard of review for summary judgment motions. The Tuellers also moved to dismiss the first count in Severinsen's complaint, which alleged a violation of the Property Disclosure Act. The district court denied Severinsen's motion for reconsideration and, in the same order, granted the Tuellers' motion to dismiss. Severinsen timely appeals.

## II. ISSUES ON APPEAL

1.  Did the district court err in granting partial summary judgment to the Tuellers on Severinsen's claim for fraud and misrepresentation?

2.  Did the district court err in denying Severinsen's motion for leave to amend the complaint?

3.  Did the district court abuse its discretion in awarding the Tuellers attorney fees and costs or in sanctioning Severinsen's attorneys?

4.  Is either party entitled to attorney fees on appeal?

## III. STANDARDS OF REVIEW

"This Court employs the same standard as the district court when reviewing rulings on summary judgment motions." *Owen v. Smith*, 168 Idaho 633, 640, 485 P.3d 129, 136 (2021) (quoting *Trumble v. Farm Bureau Mut. Ins. Co. of Idaho*, 166 Idaho 132, 140, 456 P.3d 201, 209 (2019)). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id*. (quoting I.R.C.P. 56(a)). "A moving party must support its assertion by citing particular materials in the record or by showing the 'materials cited do not establish the . . . presence of a genuine dispute, or that an

4

adverse party cannot produce admissible evidence to support the fact[s].'" *Id*. (quoting I.R.C.P. 56(c)(1)(B)). "Summary judgment is improper 'if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented.'" *Id*. at 641, 485 P.3d at 137 (quoting *Trumble*, 166 Idaho at 141, 456 P.3d at 210). A "mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment." *Id*.

This Court "reviews a district court's decision to grant or deny a motion to amend for abuse of discretion." *DAFCO LLC v. Stewart Title Guar. Co*., 156 Idaho 749, 753, 331 P.3d 491, 495 (2014) (quoting *Black Canyon Racquetball Club, Inc. v. Idaho First Nat. Bank, N.A*., 119 Idaho 171, 175, 804 P.2d 900, 904 (1991)). "The standard of review for an appellate court reviewing a trial court's imposition of sanctions pursuant to I.R.C.P. 11 is [also] one of abuse of discretion." *Campbell v. Kildew*, 141 Idaho 640, 649–50, 115 P.3d 731, 740–41 (2005). In addition, the abuse of discretion standard applies to the district court's decision to award attorney fees. *Knudsen v. J.R. Simplot Co*., 168 Idaho 256, 265, 483 P.3d 313, 322 (2021). When reviewing a lower court's decision for an abuse of discretion, this Court must analyze "[w]hether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

When reviewing the grant or denial of a motion for reconsideration, the district court, as well as this Court, "must apply the same standard of review that the court applied when deciding the original order that is being reconsidered." *Barton v. Bd. of Regents of Univ. of Idaho*, ___ Idaho ___, ___, 550 P.3d 293, 300–01 (2024) (quoting *Drakos v. Sandow*, 167 Idaho 159, 162–63, 468 P.3d 289, 292–93 (2020)). Thus, "when reviewing the grant or denial of a motion for reconsideration following the grant of summary judgment, this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment." *Id*. (citing *Ciccarello v. Davies*, 166 Idaho 153, 159, 456 P.3d 519, 525 (2019)).

## IV. ANALYSIS

We note at the outset that Severinsen does not adequately challenge the district court's order granting the Tuellers' motion to dismiss Count I of his complaint, which alleged that the Tuellers violated the Property Disclosure Act. The only argument Severinsen raises in his opening

brief regarding the Property Disclosure Act (I.C. § 55-2501, *et seq.*) is limited to one citation to the Act—a passing reference to the district court "completely disregarding the provisions of I.C. § 55-2514. . . ." This citation is followed by a quotation from the statutory language of section 55-2514 without further argument or analysis of how the Tuellers allegedly violated the Act. The opening brief is otherwise devoid of any reasoning regarding the district court's dismissal of this claim.

In his reply brief Severinsen notes that under section 55-2508(9) "a seller is required to disclose '[a]ny other problems, including legal, physical or other not listed above that you know concerning the property[,]'" however, this claim is again only mentioned in passing. This is insufficient to warrant further review by this Court. *See Bach v. Bagley*, 148 Idaho 784, 791, 229 P.3d 1146, 1153 (2010) (Any issues which we have not addressed "were so lacking in coherence, citations to the record, citations of applicable authority, or comprehensible argument that we simply will not consider them."). Even if Severinsen had provided a more robust argument in support, "'this Court will not consider arguments raised for the first time in the appellant's reply brief.'" *Midtown Ventures, LLC v. Capone as Tr. to Thomas & Teresa Capone Living Tr.*, 173 Idaho 172, 539 P.3d 992, 1000 (2023) (quoting *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005)). "A reviewing court looks only to the initial brief on appeal for the issues presented because those are the arguments and authority to which the respondent has an opportunity to respond in the respondent's brief." *Id*. at __, 539 P.3d at 1000–01. Thus, Severinsen's arguments related to the district court's dismissal of Count I are not preserved for appeal.

A.  **Due to Severinsen's failure to establish he was damaged by the Tuellers' alleged fraud, the district court did not err in granting partial summary judgment to the Tuellers on Severinsen's claim for fraud by misrepresentation.**

Count II of Severinsen's complaint alleged that the Tuellers fraudulently induced Severinsen to purchase the property by making misrepresentations on the property disclosure form and misrepresenting the property description on the MLS listing. Severinsen's claim focuses on five statements that the Tuellers made on the disclosure form, which he alleges were false or intentionally misleading:

Q: Has the property been surveyed since you owned it? A: Yes.

Q: Are there any conditions that may affect your ability to clear title such as encroachments, easements, zoning violation, lot line disputes, restrictive covenants, etc.? A: No.

Q: Have you received any notices by any governmental or quasi-governmental entity affecting this property i.e. Local improvement district (LID) or zoning changes, etc.? A: No.

Q: Are you aware of any other existing problems concerning the property including legal, physical, product defects or other items that are not already listed? A: No.

Q: Is the property located in an area of city impact, adjacent or contiguous to a city limit, and thus legally subject to annexation by the city? A: Do Not Know.

To establish fraud, the following nine elements must be proven by clear and convincing evidence: "(1) a statement of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent to induce reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) the hearer's right to rely; and (9) consequent and proximate injury." *SRM Arms, Inc. v. GSA Direct, LLC,* 169 Idaho 196, 207, 494 P.3d 744, 755 (2021).

To overcome a motion for summary judgment, Severinsen was required to put evidence into the record that raises a genuine dispute of material fact as to *each* element of fraud. *See James v. Mercea*, 152 Idaho 914, 919, 277 P.3d 361, 366 (2012) (citing *Country Cove Dev., Inc. v. May*, 143 Idaho 595, 600, 150 P.3d 288, 293 (2006)) (nonmoving party has "the burden of presenting sufficient evidence to create a genuine issue of material fact as to each element that she was required to prove in order to establish her claim of fraud.").

"Damage is an essential element of a claim for fraud," *Mason v. Tucker & Assocs*., 125 Idaho 429, 435, 871 P.2d 846, 852 (Ct. App. 1994), and a false representation which causes no injury is not actionable. *Knudsen v. J.R. Simplot Co.*, 168 Idaho 256, 264–65, 483 P.3d 313, 321–22 (2021) (citing *Partout v. Harper*, 145 Idaho 683, 688–89, 183 P.3d 771, 776–77 (2008)) ("summary judgment is appropriate where the nonmoving party fails to show evidence sufficient to establish an essential element of a claim on which they will bear the burden of proof at trial"). Because Severinsen's appeal can be resolved on the question of damages, we turn to that first.

This Court has recognized that there may be alternative measures of damages for a fraud claim. *See April Beguesse, Inc. v. Rammell*, 156 Idaho 500, 511, 328 P.3d 480, 491 (2014) (citing *Watts v. Krebs*, 131 Idaho 616, 621, 962 P.2d 387, 392 (1998)). Under one such measure, any damages Severinsen may have incurred must be offset by the increase in value of the home. *Valdez v. Christensen*, 89 Idaho 285, 291, 404 P.2d 343, 346 (1965) ("Any increase in value, whether due to a rising market or to improvements made by defendants, would diminish plaintiff's damages

7

resulting from the breach to the extent that such increase exceeded the contract price."). Under another measure, known as the "benefit of the bargain" rule, damages are measured 'by the difference between the value of the thing actually received and the value it would have had if it were as it was fraudulently represented to be.'" *April Beguesse*, 156 Idaho at 511, 328 P.3d at 491 (quoting *Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 217, 923 P.2d 456, 462 (1996)). The benefit of the bargain and out-of-pocket rules are not exclusive. *Id.* "The underlying principle is that the victim of fraud is entitled to compensation for every wrong which is the natural and proximate result of the fraud. The measure of damages which should be adopted under the facts of a case is the one which will [a]ffect such result." *Id.* (quoting *Weitzel v. Jukich*, 73 Idaho 301, 308, 251 P.2d 542, 546 (1952)).

Pursuant to a stipulation of the parties and an order from the district court, Severinsen's property was appraised in 2021. Severinsen purchased the property from the Tuellers in 2020 for $625,000. The property appraised for $900,000 in November 2021, resulting in an increase in value of $275,000. In a declaration from Severinsen objecting to the Tuellers' motion for summary judgment, Severinsen testified:

> To deal with the problems caused by the subdivision developing around the Property, I am seeking to install a concrete or similarly designed wall barrier to separate my property from the large subdivision, protect my privacy, and reduce the noise immediately around the Property. The last bid I received would be around $132,000 for this type of barrier.

Severinsen averred further that "[h]ad [he] known about the annexation of the farmland and the approved Subdivision, he would not have purchased the Property. At the very least he would not have been willing to pay the purchase price demanded by the Sellers." (Capitalization in original).

Severinsen advocates that we apply the benefit of the bargain rule to his claim and reverse the district court. He alleges that the district court erred by finding that Severinsen had not suffered damages related to the Tuellers' alleged fraudulent conduct. Severinsen argues that to obtain the "benefit of the [p]roperty that was advertised, e.g. an 'oasis,'" he would need to build a concrete barrier to obscure the new subdivision. As noted, this barrier, according to Severinsen, would cost $132,000.

We have held "in Idaho that the owner of property is a competent witness to its value, as he is presumed to be familiar with its value by reason of inquiries, comparisons, purchases and sales." *Schroeder v. Partin*, 151 Idaho 471, 477, 259 P.3d 617, 623 (2011) (quoting *Weaver v.*

8

*Village of Bancroft*, 92 Idaho 189, 193, 439 P.2d 697, 701 (1968)). But such an owner cannot offer testimony that is purely speculative and unsupported by the foundation necessary to support such testimony. *Taysom v. Taysom*, 82 Idaho 58, 64, 349 P.2d 556, 560 (1960). We have recently discussed the considerations that govern an owner's ability to testify as to value:

> As a general rule, the owner of property may testify as to its value. . . . However, damages are to be proven with reasonable certainty. When owners testify on the value of their property, the weight to be given their testimony depends on their background, knowledge and experience. Where damages are inherently speculative, proof of damages will be an evidentiary issue that may need to be addressed by the trial court prior to or during trial, or ultimately resolved at trial by the fact-finder.

*Greenfield Fam. Tr. v. Olive Fountain Land Co., LLC*, 170 Idaho 672, 681, 516 P.3d 96, 105 (2022) (cleaned up).

Based on the record before us, and as the district court recognized, Severinsen's valuation of the property at the time of the sale was not based on "inquiries, comparisons, purchases and sales," but was based on his speculative attempt to assign a diminished value to the property based on what it would cost to build a fence. Severinsen's testimony was not based on comparisons with other properties, discussions with other property owners, potential purchasers or his own expertise in real estate appraisal. Nor was any expert witness with the requisite foundation to make these calculations proffered below. Instead, Severinsen simply guessed that the property's value would be less because he wants to build a $132,000 wall to separate himself from the potential future neighbors in the subdivision. Severinsen's ostensible bid for the cost of a fence (no such bid appears in the record) is not a sufficient measure of the property's *reduced* value at the time he purchased it, nor does Severinsen's testimony provide sufficient means to establish such damage by a just and reasonable inference.

To overcome summary judgment as to the element of damages, Severinsen is required to clear two hurdles: First, he must raise a genuine dispute of material fact that he sustained damages as a consequent and proximate injury of the alleged fraud; and second, Severinsen must make more than a conclusory assertion alleging the amount of his damages. As the party opposing summary judgment, Severinsen was required to "'bring to the trial court's attention *evidence* that may create a genuine issue of material fact[.]'" *Gordon v. U.S. Bank Nat'l Ass'n*, 166 Idaho 105, 119, 455 P.3d 374, 388 (2019) (quoting *Beus v. Beus*, 151 Idaho 235, 239, 254 P.3d 1231, 1235 (2011)

(emphasis added)). "Mere conclusory allegations will not raise a genuine issue of material fact." *Id*.

Under Severinsen's theory of the case, his damages are measured by comparing the value of the property without the neighboring Crystal Lakes Subdivision to the value of the property with the subdivision. Severinsen also alleged damages of $2,500 for a lot line adjustment and "legal costs." But these alleged damages have not been established in the record before us. As the district court recognized:

> Although it might be presumed that the value of the Property on September 9, 2020 (without the Crystal Lakes Subdivision) was the sales price ($625,000.00), Severinsen does not offer evidence of the change in value of the Property, on September 9, 2020, with the Crystal Lakes Subdivision.

Thus, like the district court, we hold that Severinsen has failed to establish, through competent evidence, that he suffered damages due to the Tuellers' alleged fraud in this case. As the nonmoving party, Severinsen was required to put forward: (1) evidence that contradicts the property value assessment attached as an exhibit to the Tuellers' attorney's declaration, assessing the value at $900,000; and (2) evidence substantiating Severinsen's alleged damages. Severinsen failed in both particulars. Because damages are an essential element of a fraud claim, and Severinsen failed to raise a genuine dispute of material fact on this element, we affirm the district court's judgment dismissing his claim of fraud.

**B.    The district court did not abuse its discretion in denying Severinsen's motion for leave to amend the complaint.**

In Severinsen's proposed amended verified complaint, he attempted to add a claim alleging that the Tuellers were vicariously liable for the acts of their real estate agent under Idaho Code section 54-2093 for the agent violating his duties under Idaho Code section 54-2086. The proposed amended complaint maintained that the Tuellers' agent had a duty to disclose adverse material facts about the planned subdivision to Severinsen and that the Tuellers were vicariously liable for his failure to do so. The district court denied Severinsen's motion to amend on two grounds: (1) the motion was untimely; and (2) the alleged new claim raised failed "to state relevant facts upon which to base a cause of action for vicarious liability."

Severinsen's argument in his opening brief alleging that the "[d]istrict [c]ourt erred in denying Severinsen's Motion to Amend the Complaint" is four paragraphs long. It makes no reference to the abuse of discretion standard of review applicable to a trial court's denial of a

10

motion to amend a complaint. *See McCreery v. King*, 172 Idaho 598, 535 P.3d 574, 579 (2023); *Davis v. Tuma*, 167 Idaho 267, 273, 469 P.3d 595, 601 (2020). The brief contains a special section setting forth the standards of review applicable to Severinsen's appeal, however, that section only specifies the applicable standards of review governing: (1) a grant of summary judgment; (2) a duty to speak on a fraud claim; (3) a motion to reconsider; and (4) an award of attorney fees. The section is silent as to the standard applicable to a motion to amend.

Severinsen's brief is "devoid of reference to any prong under the abuse of discretion standard that the district court ostensibly violated." The lack of such authority and argument is fatal to Severinsen's appeal on this claim. *Midtown Ventures,* 173 Idaho at ___, 539 P.3d at 1000. Indeed, the words "abused its discretion" or any of the prongs under that standard are absent from Severinsen's argument related to the amended complaint. "This Court has repeatedly explained that '[f]ailing to demonstrate that an abuse of discretion occurred under any part of the test applied by this Court . . . is fatal to [an] argument that the court abused its discretion.'" *Id*. (quoting *Valiant Idaho, LLC v. VP Inc.*, 164 Idaho 314, 332, 429 P.3d 855, 873 (2018) (internal quotation and citation omitted)). While this Court does not impose a "'formalistic requirement that the standard of review be recited and the party claiming error attack a particular prong of that standard of review,' the failure to articulate the abuse of discretion prong challenged and put forth an argument under that prong is fatal." *Id*. (quoting *State v. Diaz*, 170 Idaho 79, 92, 507 P.3d 1109, 1122 (2022)). It was Severinsen's burden to establish an abuse of discretion. His failure to do so is fatal to his argument.

## C. The district court did not abuse its discretion in awarding attorney fees to the Tuellers.

"The awarding of attorney fees and costs is within the discretion of the district court and is subject to the abuse of discretion standard of review." *Treasure Valley Home Sols., LLC v. Chason*, 171 Idaho 655, 660, 524 P.3d 1272, 1277 (2023) (quoting *Breckenridge Prop. Fund 2016, LLC v. Wally Enters., Inc.*, 170 Idaho 649, 662, 516 P.3d 73, 86 (2022)). "The burden is on the party opposing the award to demonstrate that the district court abused its discretion." *Id*. (quoting *Lettunich v. Lettunich*, 145 Idaho 746, 749, 185 P.3d 258, 261 (2008)). Under Idaho Code section 12-121, a "judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121; *see also* I.R.C.P. 54(e)(2).

Below, the Tuellers moved for attorney fees under Idaho Code sections 12-121 and 12-123, and Idaho Rule of Civil Procedure 54. The district court granted the Tuellers' motion, awarding fees under both statutory provisions. The district court's finding on the frivolousness of Severinsen's lawsuit set forth the following:

> As detailed extensively in the Order Granting Partial Summary Judgment and the Order Denying Reconsideration, Severinsen filed suit against the Tuellers because he failed to conduct his own research (from public records) into the area surrounding the Property; and failed to inquire about or ascertain from his own realtor, the Tuellers' realtor, or the Tuellers any information about the availability or zoning of acreage surrounding the Property. Neither the Tuellers nor their realtor were informed that a rural setting and the "view" were vital to Severinsen's purchase of the Property. Severinsen failed to show that the Tuellers' answers on the Disclosure Form mislead Severinsen as to any defects in the Property itself or defects in general. Severinsen's Complaint centered, instead, upon the condition of the neighboring acreage, which is not the focus of or purpose for a property Disclosure Form. Finally, Severinsen offered no evidence inferring that he suffered damages by the Tuellers' alleged misconduct.

Based on this finding, the court awarded attorney fees under Idaho Code section 12-121. In addition, and based on this finding, the district court held Severinsen's attorneys responsible for the frivolous nature of the suit pursuant to Idaho Code section 12-123. In that regard, the district court stated:

> Severinsen's attorneys, Nathan Olsen and Skyler Johns, bear some of the responsibility for the frivolousness of Severinsen's lawsuit. As a layman represented by counsel, Severinsen is not assumed to understand the law with regard to properly pleading, or producing evidence of, damages. Neither is Severinsen expected to understand the [Property Disclosure Act] requirements for properly laying the foundation for rescission of a contract in a subsequent lawsuit. These shortcomings fall squarely within the realm of legal expertise, and should have been investigated prior to filing Severinsen's Complaint.

Severinsen alleges that the district court abused its discretion in awarding attorney fees against Severinsen and his attorneys under both statutory provisions.

Severinsen argues that fees under section 12-121 are inappropriate because the district court acknowledged that his argument was novel. Severinsen's argument, however, largely relies on what was likely the district court's shorthand use of the word "novel" when it awarded fees to the Tuellers. Indeed, in its order denying Severinsen's motion for reconsideration, the district court explained it was "overly terse" in describing Severinsen's complaint as raising "novel" issues. The court clarified:

12

Severinsen did not raise a novel interpretation of a statute or common law elements of a cause of action. Instead, he cobbled together a novel, peculiar theory, based upon his own lack of investigation or inquiry, that the Tuellers breached a duty to him. Severinsen presents his own, unarticulated vision of the Property, his failure to conduct even a minimum amount of research into the area surrounding the Property, and calls it fraud and misrepresentation by the Tuellers. In other words, the novelty of Severinsen's claims against the Tuellers was not his interpretation of the law, but the facts (or lack thereof) he offered to support his theories.

Severinsen does not articulate on appeal how his argument raised *novel* legal issues. Instead, Severinsen's argument hinges on the district court's use of "novel." But Severinsen's complaint merely alleged claims for failure to comply with the Property Condition Disclosure Act and fraud. Such causes of action are not "novel," and as the district court recognized, "the novelty of Severinsen's claims against the Tuellers was not his interpretation of the law, but the facts (or lack thereof) he offered to support his theories."

The district court's conclusion is aptly supported by the record below. Both claims are grounded in straightforward Idaho law, and neither raised an issue of first impression. In awarding fees to the Tuellers under Idaho Code section 12-121, the district court properly recognized and acted within its discretion in evaluating Severinsen's claims. As a result, the district court did not abuse its discretion in awarding attorney fees to the Tuellers under Idaho Code section 12-121.

Severinsen's attorneys also attack the award made against them under Idaho Code section 12-123. That statute provides:

> (a) "Conduct" means filing a civil action, asserting a claim, defense, or other position in connection with a civil action, or taking any other action in connection with a civil action.

> (b) "Frivolous conduct" means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

>> (i) It obviously serves merely to harass or maliciously injure another party to the civil action;

>> (ii) It is not supported in fact or warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

I.C. § 12-123(1)(a)–(b).

Idaho Code section 12-123(1)(d) further provides that "an award of reasonable attorney's fees pursuant to this section may be made against a party, his counsel of record, or both." A trial judge's decision to award sanctions against an attorney is "influenced by a host of factors," and those factors are specific to the facts of each case and include considering the "attorney's

13

credibility in signing a complaint and evaluating whether an attorney's prefiling inquiry was reasonable based on all circumstances." *Gilbert v. Radnovich*, 171 Idaho 566, 573, 524 P.3d 397, 404 (2023).

This Court reviews a district court's award of sanctions under Idaho Code 12-123 under an abuse of discretion standard. *Campbell v. Kildew*, 141 Idaho 640, 649–50, 115 P.3d 731, 740–41 (2005). Thus, "the relevant inquiry for this Court is not whether we would have made a different decision than the district court based on the latitude of Rule 11 or section 12-123. Instead, the question is whether the district court properly considered this issue as one of discretion, acted within the outer bounds of its discretion consistent with the legal standards available, and reached its decision by an exercise of reason." *Gilbert*, 171 Idaho at 573, 524 P.3d at 404 (citing *Lunneborg*, 163 Idaho at 863, 421 P.3d at 194).

The district court articulated its reasoning for awarding fees under section 12-121 and then applied that reasoning to the actions of Severinsen's attorneys in pursuing what it found to be a frivolous lawsuit. While the district court's rationale under section 12-123, as stated above, is brief, the logic behind its conclusion is not. Having recognized that Severinsen is a layperson who does not understand how to prove damages or the requirements under the Property Disclosure Act, Severinsen's attorneys had an obligation to avoid the pursuit of the frivolous claim under Idaho Code section 12-123. On the record before us we cannot say that the district court failed in any of these "essentials" required in making a discretionary decision. *See Lunneborg*, 163 Idaho at 863, 421 P.3d at 194. As a result, we affirm the district court's determination to award attorney fees against Severinsen's attorneys under section 12-123.

### D. The Tuellers are entitled to an award of attorney fees and costs on appeal.

Severinsen and the Tuellers request attorney fees and costs on appeal. The Tuellers' request is made under Idaho Code section 12-121 and Idaho Appellate Rules 40 and 41. Severinsen does not identify a source for awarding attorney fees.

"An award of attorney fees under [Idaho Code section 12-121] will be awarded to the prevailing party on appeal only when this Court is left with the abiding belief that the entire appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Breckenridge Prop. Fund 2016, LLC v. Wally Enters., Inc.*, 170 Idaho 649, 666, 516 P.3d 73, 90 (2022).

14

As the prevailing party, the Tuellers are entitled to fees and costs. Severinsen's argument on appeal was poorly reasoned, conflating claims and arguments raised in his original complaint with claims and arguments raised in his amended complaint which was never filed. Severinsen's appeal merely invites this Court to second-guess the district court's decision. We have noted why we will not do so. Severinsen also failed to articulate how the district court abused its discretion in denying his motion to amend, failing even to acknowledge that the district court's decision was one of discretion. As a result, we conclude that the appeal was brought frivolously, unreasonably, and without foundation.

## V. CONCLUSION

For the reasons above, the district court's decision is affirmed. The Tuellers are entitled to attorney fees and costs on appeal.

JUSTICES BRODY, MOELLER, ZAHN, and MEYER CONCUR.