# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 51237

JOHN T. EDWARDS, SCOTT V. EDWARDS, KEITH "KC" LANE, individually, and in their capacity as co-trustees of TRUST B of the LANE FAMILY TRUST,

    Plaintiffs-Counterdefendants-Respondents

v.

KARLA K. LANE, as an individual, and in her former capacity as trustee of TRUST A of the LANE FAMILY TRUST,

    Defendant-Counterclaimant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, August 2025 Term

Opinion Filed: October 23, 2025

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Thomas W. Whitney, District Judge.

The district court's order is <u>affirmed</u>.

Lackey Law Group, Nampa, attorneys for Appellant Karla K. Lane. Quentin Lackey[1] submitted on the briefs.

Eismann Law Offices, Nampa, attorneys for Respondents John Edwards, Scott Edwards, and Keith "KC" Lane. Debra Eismann and Ryan Martinat submitted on the briefs.

---

BEVAN, Chief Justice.

This appeal involves the removal of Karla Lane[2] as trustee of Trust A of the Lane Family Trust, stemming from allegations by co-trustees of Trust B that Karla breached her fiduciary

---

[1] After Quentin Lackey submitted briefing, he withdrew from this appeal. Subsequently, Charles Carpenter filed a notice of appearance and a request for oral argument. The Court denied that request.
[2] Because this dispute involves family members with the same last name, we refer to Karla by first name for clarity. No disrespect is intended.

duties. During the litigation, the district court removed Karla as trustee of Trust A after she refused to follow a court order requiring her to accept an offer to sell real property held by the Trust and to close on the sale by a certain date. Karla challenges the district court's order, arguing that the district court abused its discretion by removing her as trustee when her purpose in rejecting the purchase offer was to obtain a higher price. For the reasons below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rolland (Rollie) Lane and Patricia (Patty) Lane were married in 1993. Rollie had four children from a previous marriage: Karla Lane (Karla), Sheryl Lane (Sheryl), Keith Lane (KC), and Kip Lane (Kip). Patty had two children from a previous marriage, John Edwards (John) and Scott Edwards (Scott).

Rollie and Patty executed a trust agreement creating the Lane Family Trust and appointing themselves as co-trustees in September 2004. Per the trust, "[u]pon the death of the Grantor who first dies," the trustees shall divide the trust estate into two trusts referred to as Trust A and Trust B of the Lane Family Trust (the Trusts). When the first grantor died, Trust B would become irrevocable, and the surviving grantor would have no ability to amend it. Upon the death of the first grantor, the surviving grantor and John Edwards would serve as the trustees of the Trusts.

Patty died in December 2013. In 2018, Rollie executed the First Amendment to the Trust. In the first amendment, Rollie revoked Trust A in its entirety and revoked a gift of $10,000 each to three of his children. Rollie amended the Trust to divide the trust estate equally among Karla, KC, Sheryl, Kip, John, and Scott. In early 2019, Rollie executed the Second Trust Amendment, in which he reinstated Trust A to the extent that it was revoked in the First Amendment, and named Karla, Kip, and Sheryl as beneficiaries of Trust A in equal shares. Karla assisted in the process of executing the documents that Rollie signed in the month before his death, but her level of involvement is disputed. Rollie died on January 11, 2019.

After Rollie died, Karla was the sole successor trustee of Trust A, and John, Scott, and KC (collectively Respondents) were the co-trustees of Trust B. The main assets of the Trusts were a house and acreage located in Caldwell, Idaho ("the real property").[3]

---

[3] The parties appear to agree that both Trust A and Trust B own an undivided one-half interest in the subject property located in Caldwell, Idaho.

On October 26, 2021, Karla, as trustee of Trust A, filed a motion for an order to sell the real property. In her declaration in support of the motion, Karla attached a broker's price opinion, which valued the real property at between $1,156,170 and $1,285,890. Arguing that the real property was an underperforming asset of the Trusts, Karla asked the district court to allow her to sell the property for not less than one million dollars.

Around the same time that Karla filed the motion to sell, both she and Respondents received a letter from Ryan Fornstrom, a representative for potential buyers who were interested in a cash purchase with no realtor. Fornstrom's letter requested access to the home to complete an inspection. Karla sent an email to Respondents asking if they would agree to sell the real property based on the terms in Karla's motion to sell. Respondents said they were not agreeable to this and instead expressed an interest in putting together a deal with Fornstrom.

In December 2021, Respondents filed a motion for access to the real property and an objection to Karla's motion to sell. In the objection, Respondents alleged that (1) Karla had changed the locks on the real property shortly after Rollie's death, and (2) several weeks had passed since Fornstrom's letter during which he had still not been shown the property, which the trustees of Trust B were eager to see happen. At a hearing on the motion for access, Karla objected to the motion on the grounds that it was moot, since she had arranged to provide Fornstrom access to the real property on December 9, 2021, at noon.

After the hearing, Fornstrom made a cash offer to purchase the real property for $1,350,000. The offer was conditioned on the property having clear title and on all parties accepting the offer by December 27, 2021.

On December 21, 2021, Respondents filed a declaration stating they were agreeable to accepting Fornstrom's offer. Respondents said they would withdraw their motion for access if Karla, in her capacity as trustee of Trust A, agreed to Fornstrom's offer. They also proposed that the proceeds of the sale be placed in an interest-bearing account instead of an attorney's trust account.

On December 22, 2021, Karla's counsel moved for leave to withdraw. The next day, the district court held a hearing on Karla's motion to sell the real property. That same day, the district court issued an order for the parties to accept Fornstrom's December 17 offer by December 27, 2021. The order also required the trustees of both Trusts to divide the proceeds into equal shares and hold those proceeds in an interest-bearing account.

3

After the district court's order, Karla wrote in a typewritten note on a separate letter to Respondents' counsel: "I accept your offer only by court order. Please note there may be additional legal action regarding this transaction." A few days later, the district court granted Karla's counsel's motion to withdraw. Karla moved to reconsider the district court's order for sale of real property. In her declaration in support of the motion, Karla alleged there were title issues with the property and claimed the property "should be worth a lot more than 1.35 million dollars." Karla also claimed she would not have accepted the offer if her prior counsel had not pressured her to do so. In a supplemental declaration, Karla reiterated her claim that the property was being undersold and attached a letter from a consultant and real estate agent valuing the real property at $2,002,500.00. Karla also attached letters from other interested potential buyers.

Following a hearing, the district court denied Karla's motion for reconsideration and reiterated its prior order that all parties were to make good faith efforts to close the sale of the property no later than January 31, 2022. Karla refused to sign the closing papers and filed a motion for relief from the court's order the same day. After a hearing on a motion to remove Karla as trustee of Trust A, the district court removed Karla as trustee of Trust A effective immediately pursuant to Idaho Code section 15-7-308(2)(a), 2(b), and 2(f). The court appointed KC as the new trustee of Trust A in accordance with the trust terms. Karla's appeal followed.

## II.    ISSUES ON APPEAL

1.    Whether the district court abused its discretion by removing Karla Lane as trustee of Trust A of the Lane Family Trust.

2.    Whether either party is entitled to attorney fees and costs.

## III.    STANDARD OF REVIEW

Although this Court has not previously decided whether a district court's removal of a trustee is reviewed for an abuse of discretion, Idaho Code section 15-7-308 implies the decision whether to remove a trustee is subject to an exercise of discretion, and the parties do not dispute that abuse of discretion is the appropriate standard of review on appeal. *See* I.C. § 15-7-308(2) ("The court *may* remove a trustee or order other appropriate relief[.]") (emphasis added); *S. Valley Ground Water Dist. v. Idaho Dep't of Water Res.*, 173 Idaho 762, 784, 548 P.3d 734, 756 (2024) (quoting *Rife v. Long*, 127 Idaho 841, 848, 908 P.2d 143, 150 (1995)) ("When used in a statute, the word 'may' is permissive rather than the imperative or mandatory meaning of 'must' or 'shall.'"); *State v. Mosqueda*, 150 Idaho 830, 835, 252 P.3d 563, 568 (Ct. App. 2010) (internal

4

citations omitted) ("The word "may" is permissive, and it denotes the right to exercise discretion."). This Court applies a four-part test to determine whether a district court abused its discretion: whether the court (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## IV.    ANALYSIS

### A.    We decline to consider the merits of Karla's appeal.

At the outset, we acknowledge Karla's position that whether a district court has the statutory authority to remove a trustee for exercising discretionary duties is an issue of first impression. That said, the deficiencies in Karla's briefing are so significant that we cannot consider any of her arguments on appeal. Among the shortcomings we have identified, we note that Karla raised arguments for the first time on appeal; supplied an insufficient record; failed to point to any prongs under the abuse of discretion standard in alleging the district court abused its discretion; and made incoherent arguments unsupported by the law. Any one of these failings is sufficient for us to decline to consider this appeal, but for the benefit of all who practice before this Court, we address some of these deficiencies in more detail.

First, we note that Karla's entire opening brief consists of arguments raised for the first time on appeal. Karla maintains that the district court abused its discretion by removing her as trustee when she rejected an offer to sell the property. Karla also argues that she has the discretionary authority to act in what she believes is the best interest of the beneficiaries of the trust. Finally, Karla contends that she did not breach any fiduciary duties by declining the offer. Not one of these arguments, in any iteration, was raised below. "[T]his Court will not consider arguments raised for the first time in the appellant's reply brief." *Dodd v. Jones*, __ Idaho__, 566 P.3d 379, 395 (2025) (quoting *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005)). "In general, a party must raise both the issue and their position on that issue before the trial court for this Court to review it." *Id.* (quoting *Siercke*, 167 Idaho at 715, 476 P.3d at 382).

Second, we are only able to discern that none of these arguments were raised below because *the Respondents*—not Karla—augmented the record to include several relevant filings: an order on a partial motion for summary judgment; motion for an order to sell real property; objection to the motion to sell; declarations from Karla; a motion to reconsider, and others. The original record

5

that Karla supplied to this Court did not include a single motion, brief, or declaration. "[T]he party appealing any decision to this Court has the imperative duty to provide the Court with a complete record necessary to perform its undertaking." *Groveland Water and Sewer District v. City of Blackfoot*, 169 Idaho 936, 940–41, 505 P.3d 722, 726–27 (2022). While Idaho Appellate Rule 28 provides for the creation of a *basic* record, it is incumbent upon appellate counsel to ensure that other documents, such as motions, memoranda, or declarations, are included in the record by designating them in the notice of appeal pursuant to I.A.R. 17(i) or by either (1) moving to add documents to the record within 28 days of service of the record, I.A.R. 29(a), or (2) moving to augment the clerk's or agency's record pursuant to I.A.R. 30(a). *See Groveland*, 169 Idaho at 941, 505 P.3d at 727 (quoting *Med. Recovery Servs., LLC v. Eddins*, 169 Idaho 236, 241 n.1, 494 P.3d 784, 789 n.1 (2021)). "It is well established that the appellant has the obligation to provide a sufficient record to substantiate his or her claims on appeal." *Id.*

We restate these principles, mindful that such deficiencies "continue to appear before us with alarming regularity." *Groveland,* 169 Idaho at 941, 505 P.3d at 727 (citation omitted). Respondents' request to augment the record helped to illuminate Karla's arguments on appeal, if only to clarify for this Court that none of Karla's arguments were presented below.

Third, Karla fails to articulate *how* the district court abused its discretion. "The party asserting [an] abuse of discretion carries the burden of demonstrating that an abuse of discretion occurred, and a failure to do so is fatal to its argument." *Midtown Ventures, LLC v. Capone*, 173 Idaho 172, 180, 539 P.3d 992, 1000 (2023). While this Court does not impose a " 'formalistic requirement that the standard of review be recited and the party claiming error attack a particular prong of that standard of review,' the failure to articulate the abuse of discretion prong challenged and put forth an argument under that prong is fatal." *Severinsen v. Tueller*, 174 Idaho 669, 678, 559 P.3d 771, 780 (2024) (quoting *Midtown Ventures*, 173 Idaho at 180, 539 P.3d at 1000).

The opening line of Karla's statement of the case asserts that the case is about Idaho Code section 15-7-308. Reading further, it is clear that Karla is arguing that the district court erred in removing her under that statute. But she never grapples with the applicable provisions of the statute nor does she attempt to articulate why the district court erred in concluding that her removal was appropriate under those provisions. But for a few conclusory statements that the district court abused its discretion, Karla failed to put forth any argument about how the district court abused its discretion. "This Court has repeatedly explained that '[f]ailing to demonstrate that an abuse of

discretion occurred under any part of the test applied by this Court . . . is fatal to [an] argument that the court abused its discretion.'" *Midtown*, 173 Idaho at 180, 539 P.3d at 1000) (quoting *Valiant Idaho, LLC v. VP Inc.*, 164 Idaho 314, 332, 429 P.3d 855, 873 (2018)).

In her reply brief, Karla claims she "*implicitly* addresses the prongs of the abuse of discretion standards by asserting that the [d]istrict [c]ourt acted outside the boundaries of its discretion and inconsistently with applicable legal standards." (Emphasis added). We reiterate, while this Court does not impose a "formalistic requirement that the standard of review be recited and the party claiming error attack a particular prong of that standard of review, *the failure to articulate the abuse of discretion prong challenged and put forth an argument under that prong is fatal.*" *Midtown Ventures, LLC*, 173 Idaho at 180, 539 P.3d at 1000 (emphasis added) (citation modified) (quoting *State v. Diaz*, 170 Idaho 79, 92, 507 P.3d 1109, 1122 (2022)). There are no implicit or explicit references in Karla's opening brief that would suggest she was alleging that the district court acted outside the boundaries of its discretion or acted inconsistently with applicable legal standards. Indeed, outside Karla's citation to the standard of review, there is not a single reference to any of the prongs under the abuse of discretion standard. There is simply nothing in Karla's briefing that could lend itself to support such a claim. "The party asserting the abuse of discretion carries the burden of demonstrating that an abuse of discretion occurred, and a failure to do so is fatal to its argument." *Id.* (quoting *Nielson v. Talbot*, 163 Idaho 480, 489, 415 P.3d 348, 357 (2018)). Karla's brief suffers from this fatal flaw.

Fourth, Karla fails to support the issues raised on appeal with adequate argument or authority. Idaho Appellate Rule 35(a)(6) obligates appellants to present issues "with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). Karla's brief fails to meet this burden. It is replete with conclusory assertions, fragmented legal reasoning, and citations that do not correspond to the arguments advanced.

For example, Karla cites *International Rescue Committee, Trustee of Wylie Street Emergency Fund v. Mohammed,* 172 Idaho 789, 537 P.3d 30 (2023). This case involved the distribution of charitable donations received by the International Rescue Committee (IRC) to assist four refugee families who were victims of a mass stabbing. *Id.* at 792, 537 P.3d at 33. The IRC made a final distribution of the donated funds to the families using a formula it had created. *Id.* On intermediate appeal, the district court affirmed the magistrate court's order, concluding that the IRC had discretion to distribute the funds. *Id.* On appeal, this Court affirmed. *Id.*

Karla does not state any proposition or holding from the case or any analysis as to why this case is relevant to the district court's decision to remove her as trustee. Instead, Karla cites *IRC* following a 120-word meandering sentence about her discretionary powers, the reasonable and prudent person standard, her motion to reconsider, and her interest in purchasing the property. What bearing, if any, *IRC* has on any of these issues is unclear.

In the same vein, Karla cites *Midtown Ventures, LLC v. Capone*, 173 Idaho 172, 539 P.3d 992 (2023). This appeal concerned the validity of a parking agreement that restaurant owners entered into in 2008 with multiple nonprofit organizations. *Id.* at 176, 539 P.3d at 996. Karla does not state any proposition or holding from the case or provide any analysis as to why this case is relevant, though we note the irony of Karla's reliance on an opinion from this Court admonishing the appellant for failing to argue under the abuse of discretion standard. *See Midtown*, 173 Idaho at 180, 539 P.3d at 1000.

Along with her reliance on seemingly immaterial case law, large swaths of Karla's opening brief are simply unsupported by citations to the record, or—equally problematic—are supported by inordinately large page ranges. For example, the opening sentence of Karla's factual background cites to 182 pages, or 65%, of the record on appeal. Each sentence on the next two pages is followed only by an "*id*" citation. That the first several pages of Karla's "statement of facts" are supported by facts located somewhere within a range of 182 pages does little to aid this Court in our review of her argument. We have made clear that it is not our role to "sift through the record on appeal in search of error." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

This Court reviews all appeals with care. But appellate review is not an invitation for parties to disregard procedural rules or to expect the Court to supply the legal reasoning absent from the briefing. Where, as here, the arguments are undeveloped and unsupported, and issues are raised for the first time on appeal, we are left with no basis to disturb the judgment of the district court. For these reasons, Karla has waived all of her arguments on appeal. The district court's order removing Karla as trustee of Trust A is affirmed.

## B. Respondents are entitled to attorney fees and costs.

Respondents request attorney fees under Idaho Code section 12-121 and Idaho Rule of Civil Procedure 54 on the basis that "this appeal is frivolous, unreasonable and without foundation . . . . Karla is simply asking on appeal to have this [a]ppellate [c]ourt re-weigh the evidence

8

submitted to the district court and reach a different conclusion than the district court." Respondents also request attorney fees under Idaho Code section 12-123 for the same reasons. However, "[w]e have ruled that section 12-123 does not apply on appeal." *Gilbert v. Radnovich*, 171 Idaho 566, 584, 524 P.3d 397, 415 (2023) (citing *Horton v. Horton*, 171 Idaho 60, 78 518 P.3d 359, 377 (2022)).

"An award of attorney fees under Idaho Code section 12-121 will be awarded to the prevailing party on appeal only when this Court is left with the abiding belief that the entire appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Severinsen v. Tueller*, 174 Idaho 669, __, 559 P.3d 771, 783 (2024) (brackets omitted) (quoting *Breckenridge Prop. Fund 2016, LLC v. Wally Enters., Inc.*, 170 Idaho 649, 666, 516 P.3d 73, 90 (2022)). Respondents are entitled to attorney fees and costs as the prevailing party on appeal. We agree with Respondents that Karla's appeal is frivolous. While Karla may have raised an issue of first impression, had it been properly preserved, "[a]sserting [that an issue is] a matter of first impression is not a 'free pass' to bring [issues] based on unreasonable arguments." *Ada Cnty. v. Browning*, 168 Idaho 856, 861, 489 P.3d 443, 448 (2021) (quotation marks in the original) (quoting *Arnold v. City of Stanley*, 158 Idaho 218, 224, 345 P.3d 1008, 1014 (2015)). Instead, the question is whether it was reasonable for Karla to bring this appeal with deficient briefing, an insufficient record, an incoherent legal argument, and otherwise fail to preserve her arguments on appeal. The answer, succinctly, is: No. As such, Respondents are entitled to an award of appellate attorney fees and costs.

## V.   CONCLUSION

The district court's order to remove Karla Lane as trustee of Trust A is affirmed. Respondents are entitled to attorney fees and costs on appeal.

JUSTICES MOELLER, ZAHN, and MEYER CONCUR.

Justice Brody took no part in the consideration or decision of this appeal.